UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND;
BUILDING SERVICE 32BJ LEGAL SERVICES FUND;
BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING
SCHOLARSHIP & SAFETY FUND; and BUILDING
SERVICE 32BJ SUPPLEMENTAL RETIREMENT
& SAVINGS FUND,

                                        Plaintiffs,

          -against-                                          COMPLAINT

US SECURITY ASSOCIATES, INC. and
ALLIED UNIVERSAL SECURITY SERVICES, LLC,

                                        Defendants.

-------------------------------------------------------------------------------X

          Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service

32BJ Legal Services Fund ("Legal Fund"), Building Service 32BJ Thomas Shortman Training

Scholarship & Safety Fund (Thomas Shortman Fund"), and Building Service 32BJ Supplemental

Retirement & Savings Fund ("SRSP Fund"), collectively referred to herein as the "Funds", by their

attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against US Security

Associates, Inc. ("US Security"), and Allied Universal Security Services, LLC. ("Allied

Universal"), jointly referred to herein as "Defendants", respectfully allege as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement

   Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as

   "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185)

   (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an

employee legal services fund, an employee safety, education and scholarship fund, and an employee supplemental retirement benefits fund, for monetary and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, and Defendants' failures and refusals to cooperate in audit requests, Defendants violated their collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   Section 502(e) (1) and (f) of ERISA (29 U.S.C. § 1132(e) (1) and (f);

   Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   28 U.S.C. Section 1331 (federal question); and

   28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e) (2) of ERISA (29 U.S.C. § 1132 (e) (2)). Service of process may be made on Defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6) (2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c) (5)). The Funds are employee benefit plans

within the meaning of Sections 3(2), 3(3) and 502(d) (1) of ERISA (29 U.S.C. § 1002(2), (3), and 1132(d) (1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d) (1) of ERISA (29 U.S.C. § 1132(d) (1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health insurance, legal services, safety, training and scholarship benefits and retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, NY 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto US Security, having offices and operations in various States across the country and having a principal place of business at 42 Broadway, Suite 1836 in the City, County and State of New York 10004, was and continues to be a for-profit Delaware corporation doing business in various states of the United States, including the States of New York and Pennsylvania, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

Further, upon information and belief, US Security is and was and is party to series of collective bargaining agreements with the Union wherein, *inter alia*, US Security became obligated to pay and/or remit the required monetary contributions and/or reports to the Funds, for its employees within the units set forth in the Agreements with Union.

7.   Upon information and belief, at all times material hereto Allied Universal was, and continues to be, a for-profit California limited liability company, doing business in the District of Columbia and other jurisdictions, including the State of New York, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).   Further, upon information and belief Allied Universal is party to a series of collective bargaining agreements (hereinafter along with the agreements signed by US Security, the "Agreements") with the Union wherein, *inter alia*, Allied Universal became obligated to pay and/or submit required monetary contributions and/or reports to the Funds, for Allied Universal's employees within the units set forth in the Agreements with the Union.   Allied Universal's principal place of business is believed to be located at 1551 N. Tustin Avenue, Suite 650, Santa Ana, California.

8.   Upon information and belief, sometime in or around the latter part of 2018 the assets of US Security were purchased by Allied Universal, in a stock purchase agreement, resulting in Allied Universal taking over the accounts previously serviced by US Security and as of the effective date of the purchase of the stock, US Security and Allied Universal, herein jointly referred to as "Defendants", became, and they continue to be, a single employer for purposes of liability under the afore described collective bargaining agreements and under ERISA and Defendants are

therefore jointly and severally liable for the claims demanded herein.

9. The agreements between the Defendants and the Union authorize the Funds to initiate actions in Federal Court to enforce the obligations to the respective Funds.

10. The Agreements include the following provision:

> If the Employer fails to make required reports or payments to the Health Fund, the Trustees may in their absolute discretion take any action necessary, including but not limited to immediate arbitration and suits at law, to enforce such reports and payments, together with interest, and liquidated damages as provided in the Fund's trust agreement and any and all expenses of collection, including, but not limited to counsel fees, arbitration costs, and fees and court expenses.

11. The Agreements contain provisions binding the contributing employers to the respective trust agreements, along with the collection policies promulgated by the Trustees of the respective Funds.

The Agreements all contain the following or almost identical provision which reads:

> By agreeing to make contributions into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees of the Funds shall make amendments to the Trust Agreements, and shall adopt such regulations as may be required to conform to applicable law.

12. A.    The Agreement and Declaration of Trust of the Health Fund ("Trust Agreement") provides, in pertinent part:

> A)    ARTICLE III:
> CONTRIBUTING EMPLOYERS
> Industry Employers.
> A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
> (b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund

shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

B)      ARTICLE V
        POWERS OF THE TRUSTEES

Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement; ....

C)      ARTICLE V
        POWERS OF THE TRUSTEES
        Section 3.

General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

D)      ARTICLE VIII
        OBLIGATIONS OF EMPLOYERS

Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

B.      The Agreements and Declaration of Trust of the other Funds include identical, or

almost, identical language.

13. Pursuant to the authority vested in them under the Trust Agreements, the Trustees of the respective Funds promulgated rules and regulations that all contributing employers, including Defendants, be required to submit to periodic audits to assure compliance with the respective employers' obligations to contribute. The Rules, provide, in relevant part:

> ### IV. Compliance Audit Program
> **A. Types of audits.** The Funds' compliance audit program will include two components: regular audits performed of selected employers to confirm that the employers are making accurate reports and remitting all amounts required by their collective bargaining agreements; and audits performed for cause (e.g., in aid of enforcement proceedings or to investigate assertions that employees' work or wage deferrals have not been reported or remitted properly to the Funds).
> **B. Employers' duty to cooperate with auditor.** Employers are required, pursuant to the Trust Agreements and their collective bargaining agreements, to cooperate with the Funds' auditor by promptly providing all records that are requested to permit the auditors to make a determination regarding the accuracy, completeness and timeliness of the employer's reports and remittances to the Funds.

14. At various times material herein the Funds have requested that US Security and Allied Universal cooperate in the audit of various payroll records to ascertain, inter alia, the accuracy and completeness of the contributions made, and for a calculation of the numbers of hours of required contributions that needed to have been made to the Funds, and in particular, the SRSP Fund.

15. To date, both US Security and Allied Universal have failed and refused to cooperate in the conducting of audits and have failed and refused to provide the auditors with the relevant records requested.

16. Pursuant to the Agreements, Allied Universal was required to remit contributions to the Funds on behalf of the unit employees employed under its Agreements for all eligible employees and as of the date of this Complaint, Allied Universal has not paid all

contributions due for these and is delinquent to the Funds for the reporting dates June 2013 through February 2019 in an amount of not less than $172,907.21.

17. In addition to the above, historically, Allied Universal has made monthly payments late and has therefore accrued contractual interest delinquencies on late payments since June 2013.

18. As of the date of the Complaint, late payment interest and accrued interest on the non-payments as described above is no less than $1,798,674.84.

19. Based upon the above and pursuant to the Funds' collection policy, Allied Universal is contractually liable for the non-payments of not less than $172,907.21 in principal and not less than $1,798,674.84 in interest as called for in the Agreements.

20. Pursuant to the Agreements, there remains due and owing to Funds from Defendants unpaid benefit contributions during the reporting period beginning June 2013 through the date of this Complaint. Said contributions are payable through the Funds' electronic system of reporting and payment ("ESS Period"), whereby the Defendants report their eligible employees on line and makes the appropriate payments through electronic invoices.

21. For the same reporting period, Defendants are also delinquent in their contractually-required contributions to the SRSP Fund in an unknown amount. This is due to Defendants' consistent failures to report the monthly and/or weekly hours of their employees to the SRSP Fund, which is based on a contribution rate per hour for all covered employees of Defendants, including those who were previously employed by US Security. The Funds demand that Defendants report all applicable employee hours for the ESS Period

to the Funds, so that the Funds may determine the amount of benefit contributions due on behalf of the former US Security employees.

22. The failure, refusal or neglect of Defendants to make the required contributions and reports to plaintiff Funds constitute violations of the Agreements between Defendants and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS)

23. The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24. Pursuant to the Agreements, there became due and owing to Funds from Allied Universal benefit contributions and interest for the period from June 2013 to date.

25. Allied Universal has fallen delinquent in its monthly contributions owed to the Funds and since June 2013, and although all contributions have been duly demanded and the Funds have been damaged in an amount of not less than $172,907.21.

26. As of the date of the Complaint, late payment interest and accrued interest on the non-payments as described above is not less than $1,798,674.84 and such amount, although demanded, has not been paid.

27. The failure, refusal or neglect of Allied Universal to make the required contributions and interest payments to the Funds constitute violations of the Agreements between Allied Universal and the Union with respect to which the Funds are third-party beneficiaries.

28. Accordingly, pursuant to Section 301 of the Taft-Hartley Act (29 U.S.C. § 185), Allied Universal is contractually liable to the Funds for benefit contributions in the amounts due for the period set forth above, liquidated damages, costs, attorney's fees, and the interest

payments on late payments as set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Allied Universal's books and records, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Allied Universal.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANTS)

29. The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

31. Upon information and belief, at all times material hereto, Allied Universal failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failures to make payments or timely payments and/or submit reports constitutes violations of Section 515 of ERISA (29 U.S.C. § 1145).

32. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

33. Accordingly, Allied Universal is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable

for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal at the rate set forth under the Funds plans, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
**(FUNDS' DEMAND FOR AN ORDER DIRECTING
DEFENDANTS TO PERMIT AN AUDIT OF
DEFENDANTS' BOOKS AND RECORDS)**

34. The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35. At all times material herein, the funds have requested of US Security and its successor, Allied Universal, to cooperate in the conducting of an audit of US Security and Allied Universal payroll records, and Defendants are obligated, pursuant to the terms of the Agreements and ERISA, to permit and cooperate in the conduct of audits of the books and records of Defendants by the Funds.

36. Under the provisions of ERISA, the Funds are statutorily entitled to secure audits of contributing employers.

37. Under the Agreements, Defendants are contractually obligated to comply with the Funds' audit requests.

38. Accordingly, pursuant to the terms and conditions of the Agreements and ERISA, the Funds demand an order directing Defendants to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audits of Defendants' respective books and records.

**WHEREFORE,** plaintiff Funds demand judgment:

1. against Allied Universal, for payment of all past due contributions in the estimated amount of not less than $172,907.21for the period beginning with June 1, 2013 through the date of this Complaint;

2. against Allied Universal for accrued prejudgment interest, liquidated damages, and reasonable attorney's fees and costs on all contributions in accordance with ERISA § 502 (g)(2) and the collective bargaining agreement, pursuant to Section 301 of the Taft-Hartley Act (29 U.S.C. 185);

3. against Allied Universal and US Security, an order directing each of them to cooperate in an audit to be conducted by the Funds, and to provide to the auditors such books and records, including payroll records as the auditors deem necessary for the conducting of said audit, and upon the completion of the audit to pay such sums as are found due and owing to the Funds;

4. for such other and further relief as the Court deems just and proper.

Dated:      Fort Lee, New Jersey
             March 28, 2019

                          Raab, Sturm & Ganchrow, LLP

                    By:_____
                          Ira A. Sturm (IS-2042)
                          Attorneys for Plaintiffs
                          2125 Center Avenue, Suite 100
                          Fort Lee, New Jersey 07024
                          (201) 292-0150
                          isturm@rsgllp.com